IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNARESE ASHFORD and KERON ASHFORD,<br><br>                   Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTINA TRUST, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALDRIDGE PITE, LLP, and DOES 1-10,<br><br>                   Defendants. | 1:16-cv-1445-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Report and Recommendation [19] ("R&R"). The R&R recommends granting Defendants Bank of America, N.A.'s ("BANA") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss [5], and Aldridge Pite, LLP's ("Aldridge Pite"), Rushmore Loan Management Services, LLC's ("Rushmore"), and Wilmington Savings Fund Society, FSB's ("Wilmington") (collectively, "Defendants") Motion to Dismiss [8] Plaintiffs Annarese Ashford's

and Keron Ashford's (together, "Plaintiffs") Complaint [1]. The parties have not objected to the R&R.

## I.   BACKGROUND

On April 24, 2009, Plaintiffs obtained a loan in the amount of $140,934.00 from Virgin Money USA, Inc. ("Virgin") and executed a promissory note ("Note") in favor of Virgin. (Compl. at 5 & Ex. B). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 4239 Wesley Hall Lane, Decatur, Georgia (the "Property"). (Id. at 5 & Ex. A). Plaintiffs executed the Security Deed in favor of MERS, as nominee for Virgin and Virgin's successors and assigns. (Security Deed at 1). Under the terms of the Security Deed, Plaintiffs "grant[ed] and convey[ed] to MERS (solely as nominee for [Virgin] and [Virgin's] successors and assigns), and the successors and assigns of MERS, with power of sale the [Property]." (Id.).

At some point, Virgin assigned Plaintiffs' Note to BANA. (Note at 3).

On March 1, 2012, MERS assigned the Security Deed to BANA. (First Assignment [5.3]).[1]

---

[1] Defendants attached to their Motions to Dismiss copies of the Assignments, which were filed and recorded by the Clerk of Court for the Superior Court of DeKalb County, Georgia. These documents are matters of public record and the Court may consider them. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint

On March 20, 2014, Plaintiffs sent BANA a sixteen-page letter ("Letter") entitled "RESPA Qualified Written Request, Complaint, Dispute of Debt & Validation of Debt Letter, TILA Request." (Compl. at 9 & Ex. E).  In the Letter, Plaintiffs make vague requests for documents and information related, and unrelated, to the servicing of their loan.  Plaintiffs allege that BANA "deliberately failed to respond in a proper way" to Plaintiffs' Letter.  (Id. at 11).

On November 10, 2014, BANA sent Plaintiffs a letter which states that, effective December 1, 2014, servicing of Plaintiffs' loan will be transferred to Rushmore.  (Compl. at Ex. C).

On December 5, 2014, BANA assigned the Security Deed to the Secretary of Housing and Urban Development ("HUD").  (Second Assignment [5.4]).

Plaintiffs allege that, "[o]n or about December, 2014, the defendants begin [sic] sending debt collector [sic] letters." (Compl. at 8).  Plaintiffs do not attach the letters and they do not describe the substance of the letters or which Defendant allegedly sent them.

On April 13, 2015, HUD assigned the Security Deed to GCAT 2014-4, LLC. (Third Assignment [5.5]).  That same day, GCAT 2014-4, LLC assigned the Security Deed to Wilmington.  (Fourth Assignment [5.6], [8.2 at 26-28]).

and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (same).

On July 7, 2015, Wilmington conducted a foreclosure sale of the Property. (Deed Under Power [5.7]).  The highest bidder at the foreclosure sale was Wilmington.  (Id.).

On May 3, 2016, Plaintiffs, proceeding *pro se*, filed their Complaint. Plaintiffs assert claims for: violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., (Count 1); violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (Count 2); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count 3); breach of contract (Count 4); breach of the implied covenant of good faith and fair dealing (Count 5); unjust enrichment (Count 6); and "damages and declaratory relief pursuant to 18 U.S.C. §§ 1961 [sic], 18 U.S.C .[§] 1962(b), and 18 U.S.C. § [ ] 1964" ("RICO")[2] (Count 7).

On May 25, 2016, BANA and MERS, and on June 6, 2016, Aldridge Pite, Rushmore, and Wilmington, moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.  (Mots. to Dismiss [5], [8]).

On August 31, 2016, Magistrate Judge Anand issued his R&R, recommending that Defendants' Motions to Dismiss be granted.  The parties have not objected to the R&R.

---

[2]   The reference to "18 U.S.C. § 4 1964" appears to be a typographical error.

**II.   DISCUSSION**

    A.   <u>Legal Standards</u>

        1.   <u>Review of a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  Where, as here, the parties have not objected to the R&R, the Court conducts a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

        2.   <u>Motion to Dismiss for Failure to State a Claim</u>

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  <u>Aldana v. Del Monte Fresh Produce, N.A.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is

not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

"A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'"  Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are

6

required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

1. Plaintiffs' Legal Theories

Magistrate Judge Anand found that many of Plaintiffs' claims are conclusory, do not identify a particular factual basis, and are largely premised on

7

meritless legal theories. Magistrate Judge Anand found that, to the extent Plaintiffs contend that Defendants lack standing to foreclose on the Property based on perceived defects in the Assignments, Plaintiffs were not parties to the Assignments and therefore Plaintiffs do not have standing to challenge their validity. See Montgomery v. Bank of America, 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery).

Magistrate Judge Anand found further that, to the extent Plaintiffs argue that Defendants cannot foreclose on the Property because they have not produced the original promissory note, that Defendants never "put forth any consideration in the alleged contract," and that Plaintiffs were not loaned any money, so they do not owe a debt, could not have defaulted on their mortgage, and cannot be foreclosed upon, these theories have been consistently rejected by this Court and other courts throughout the country. See, e.g., You v. JP Morgan Chase Bank, 743 S.E. 2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed

even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."); Sparra v. Deutsche Bank Nat'l Trust Co., 785 S.E.2d 78, 84 (Ga. Ct. App. 2016) ("As assignor of the security deed from the original lender, the defendants have a right in the security deed and attached property, and the standing to institute a non-judicial foreclosure sale."); Thomas v. Countrywide Home Loans, No. 2:09-cv-82, 2010 WL 1328644, at *2 (N.D. Ga. Mar. 29, 2010) (collecting cases rejecting "vapor credit" theories); Yeboah v. Bank of New York Mellon, No. 1:12-cv-2139, 2012 WL 4759246, at *5 (N.D. Ga. Aug. 30, 2012) ("Plaintiff's argument is commonly known as the 'vapor money' theory or a 'no money lent' claim. Such claims 'fail as a matter of law.'") (King, M.J.) adopted at 2012 WL 4759242 (N.D. Ga. Oct. 5, 2012) (Thrash, J.).

Insofar as they are based on these meritless legal theories, Magistrate Judge Anand recommended that Plaintiffs' claims for violation of RESPA, TILA and the FDCPA, breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and damages and declaratory relief be dismissed pursuant to Rule 12(b)(6). The Court finds no plain error in this recommendation.

    2.    Violation of RESPA

Plaintiffs allege that BANA violated RESPA by failing to respond to their Letter, which they assert constitutes a Qualified Written Request ("QWR") under

RESPA.  Magistrate Judge Anand found that relief cannot be granted on this claim because, even if the Letter is a valid QWR, Plaintiffs fail to allege that they suffered any actual damages as a result of BANA's failure to respond, and they do not allege that BANA has engaged in a pattern or practice of failing to respond to QWRs.  Magistrate Judge Anand recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (allegation of damages "is a necessary element of any claim under [RESPA]"); Marks v. PHH Mortg. Corp., No. 5:11-cv-167 (CAR), 2011 WL 5439164, at *3 (M.D. Ga. Nov. 9, 2011) ("If the servicer does not comply with RESPA's deadlines, the borrower can recover actual damages from the failure to communicate, but the borrower is limited to actual damages unless there is a 'pattern or practice of noncompliance.'") (citing 12 U.S.C. § 2605(f)); Russell v. Nationstar Mortg., LLC, No. 14-61977-CIV, 2015 WL 5029346, at *6 (S.D. Fla. Aug. 26, 2015) (To show actual damages, a plaintiff must "demonstrate that [d]efendant's breach proximately caused the alleged damages.").

### 3.   Violation of TILA

Plaintiffs allege that BANA and Rushmore violated TILA by failing to notify Plaintiffs that their loan had been transferred to Wilmington.  (Compl. at 8,

10

11-12). Under 15 U.S.C. § 1641(g), "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and provide certain contact information for the new owner or assignee.

Magistrate Judge Anand found that relief cannot be granted on this claim because Section 1641(g) imposes disclosure obligations on only the new creditor, and thus the alleged failure to notify Plaintiffs that their loan had been transferred to Wilmington cannot support their TILA claim against BANA or Rushmore, the only two Defendants Plaintiffs chose to name in this claim.[3] Magistrate Judge Anand found further that, even if Plaintiffs asserted their TILA claim against Wilmington, Plaintiffs fail to show that they suffered actual damages resulting from Wilmington's alleged failure to notify them of the transfer, and Plaintiffs are not entitled to statutory damages. Magistrate Judge Anand recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See 15 U.S.C. §§ 1640(a), 1641(g); Turner v. Beneficial

---

[3] An action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because Plaintiffs filed their Complaint on May 3, 2016, the only Assignment on which Plaintiffs could base a timely TILA claim is the April 13, 2015, Assignment from GCAT 2014-4, LLC to Wilmington. See 15 U.S.C. § 1641(g)(1) (requiring new assignee to notify borrower of assignment within thirty days of transfer).

11

Corp., 242 F.3d 1023, 1028 (11th Cir. 2001) ("[D]eterimental reliance is an element of a TILA claim for actual damages . . . a plaintiff must present evidence to establish a causal link between the financing institution's noncompliance and his damages."); Correa v. BAC Home Loans Serv. LP, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *10 (M.D. Fla. Apr. 9, 2012) (dismissing TILA claim based on alleged failure to disclose assignment because, "[e]ven under the liberal pleading standards applied to *pro se* pleadings, the Court finds that Plaintiff still fails to plead a plausible claim for actual damages or statutory damages") (citing Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

      4.     <u>Violation of the FDCPA</u>

Plaintiffs conclusorily assert that BANA, Rushmore and Aldridge Pite violated ten (10) different sections of the FDCPA.  Each claimed violation merely quotes the statutory language and Plaintiffs fail to allege any facts to support their claims.  Dismissal is warranted on this basis alone.  See Twombly, 550 U.S. at 545 ("the formulaic recitation of a cause of action's elements will not do").

Even if Plaintiffs specified how these Defendants violated the FDCPA, Magistrate Judge Anand found that relief cannot be granted on this claim because Plaintiffs fail to allege any facts to support that BANA, Rushmore and Aldridge

Pite are "debt collectors" under the FDCPA.  In their Complaint, Plaintiffs assert only that "[D]efendants used the mail to send debt collector letters from December, 2014 through DATE," and "Defendants BANK OF AMERICA, N.A., AND RUSHMORE LOAN SERVICING, ALRDIGE PITE, LLC [sic] are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)."  (Compl. at 9, 12).  Plaintiffs' statements lack factual content and amount to legal conclusions that the Court will not consider.  See White, 597 F. App'x 1018 ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").  Magistrate Judge Anand recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See 15 U.S.C. § 1692a(6) (Under the FDCPA, a "debt collector" is one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (To state a plausible FDCPA claim, plaintiff must allege, among other things, that the defendant is a "debt collector" under the FDCPA.).

5. Breach of Contract

Plaintiffs allege that BANA, Wilmington and Rushmore breached the Note and Security Deed "by failing to apply the payments made in May 2012 to Plaintiffs' loan, the result of which led to the Defendants WILMINGTON [ ] and [BANA] eventually [sic] trespass on the [ ] Property.  See Exhibit 'C' [EFT-Payment Instrument].'"  (Compl. at 15) (last alteration in original).  Magistrate Judge Anand found that relief cannot be granted on this claim because Plaintiffs fail to describe what "payments" were made in 2012, or to whom, how they were misapplied, or that they suffered damages as a result of this claimed breach.[4]  Magistrate Judge Anand also noted that neither Rushmore nor

---

[4] Magistrate Judge Anand noted that Plaintiffs' Complaint is a form pleading, identical to complaints filed in other cases, and that at least one complaint in another case using this form complaint includes the same reference to a misapplied payment in May 2012.  See Gatlin v. Ditech Fin., No. 1:16-cv-615-MHC at Doc. 1, p. 14 (N.D. Ga. Feb. 26, 2016) ("The Defendants Ditech/Green tree breached the note and security deed by failing to apply the payments made in May 2012 to Plaintiffs' loan, the result of which led to the Defendants Ditech/Green tree eventually trespass [sic] on the Subject Property.  See Exhibit 'C' [EFT-Payment Instrument].'") (last alteration in original).  This, he notes, suggests that Plaintiffs' allegation regarding misapplied payments in May 2012 may have been cut-and-pasted at some point from another pleading.  The Court also notes that here, as in Gatlin, the Complaint does not contain a copy of an "EFT-Payment Instrument" to support Plaintiffs' claims.  That the preceding paragraph states that "Defendants breached the note and security deed that Plaintiffs signed in August 2005," when, here, Plaintiffs executed the Note and Security Deed in April 2009, also supports that the "facts" underlying Plaintiffs' breach of contract claim were

14

Wilmington could be responsible for the alleged breach of contract in May 2012 because servicing of Plaintiffs' loan was transferred to Rushmore on December 1, 2012, and Plaintiffs' Security Deed was assigned to Wilmington on April 13, 2015. Magistrate Judge Anand recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Budget Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (To assert a claim for breach of contract under Georgia law, a plaintiff must show (1) a valid contract; (2) material breach of its terms; and (3) damages arising from that breach."); Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) ("Because [plaintiff] cannot point to any contractual provision that [defendant] breached . . . [plaintiff cannot state a claim for breach of contract on these allegations.").

      6.  <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Magistrate Judge Anand found further that relief cannot be granted on Plaintiff's claim for breach of the implied warranty of good faith and fair dealing, because the implied covenant of good faith does not provide a substantive legal basis for a claim separate and apart from an underlying contractual breach. Magistrate Judge Anand recommended that this claim be dismissed pursuant to

---

merely left over from the form complaint Plaintiffs used in this action, and are not specific to Plaintiffs here.

Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See ServiceMaster Co., L.P. v. Martin, 252 Ga. App. 751, 756 (2001) ("Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability."); Am. Casual Dining, 426 F. Supp. 2d at 1370 ("General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable."); Morrell v. Wellstar Health Sys., Inc., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) (no independent cause of action for violation of the duty of good faith and fair dealing apart from breach of an express term of the contract).

       7.     Unjust Enrichment

Plaintiffs allege that "[b]y their wrongful acts and omissions, the Defendants have been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived."  (Compl. at 17).  Magistrate Judge Anand found that relief cannot be granted on this claim because Plaintiffs fail to allege facts to support their claim, and they do not otherwise offer a valid legal theory to explain how any particular Defendant was unjustly enriched.  Magistrate Judge Anand recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

16

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").[5]

### 8. Damages and Declaratory Relief under RICO

Magistrate Judge Anand found that relief cannot be granted on Plaintiffs' claim for damages and declaratory relief because Plaintiffs failed to state a claim for which the Court could award damages, declaratory relief or another remedy. Magistrate Judge Anand recommended that Plaintiffs' claim for damages and declaratory relief be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.

To the extent Plaintiffs intended to assert a claim for violation of federal RICO laws, Plaintiffs fail to assert any facts to support their conclusory RICO allegations. Plaintiffs allege only that Defendants "conspired . . . to interfere with the quiet enjoyment of Plaintiff's [sic] home, steal the equity in the Plaintiff's [sic] home through the use of sham pleadings, manufactured 'evidence' such as

---

[5] The Court also notes that a claim for unjust enrichment under Georgia law only may arise in circumstances where there is not a contract and a party has received a benefit from another party for which it ought to return the benefit or pay compensation. Engram v. Engram, 463 S.E.2d 12, 15 (Ga. 1995). Where a security deed is valid and controlling in a foreclosure action, a party being foreclosed upon may not seek relief based on an unjust enrichment claim. See Arko v. Cirou, 700 S.E.2d 604, 608 (Ga. Ct. App. 2010). This is a foreclosure action arising from the Security Deed which Plaintiffs executed. This is not a case in which a contract is not involved. Plaintiffs fail to state a claim for unjust enrichment and this claim is required to be dismissed for this additional reason.

fraudulent affidavits in a civil court action in order to fraudulently obtain a judgment of foreclosure." (Compl. at 18). Plaintiffs fail to plead facts to support that their conspiracy theory is plausible. Plaintiffs fail to state a claim for relief under RICO, and this claim is required to be dismissed for this additional reason. See Avirgan v. Hull, 932 F.2d 1572 (11th Cir. 1991) (To state a claim plausible federal RICO claim, a plaintiff must allege: (1) a substantive predicate violation of § 1962; (2) injury to his or her business or property, and (3) a causal connection between the racketeering activity and the injury.); Iqbal, 556 U.S. at 678; White, 597 F. App'x 1018.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Report and Recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants Motions to Dismiss [5], [8], are **GRANTED**.

**SO ORDERED** this 4th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE